*340] *The opinion of the Court was delivered by
Johnson, J.
Our ideas of those injuries, for which the action of trespass will lie, are principally derived from English authorities, and I am disposed to think they are followed without a proper regard to the vast difference between the situation of the two countries, so that in pursuing the letter, we lose sight of the principle. There, almost every foot of soil is appropriated to some specific purpose ; here, much the greater part consists in uninclosed and uncultivated forest, and a part in. exhausted old fields, which have been abandoned, as unfit for further cultivation, in which the cattle of the citizens feed at will. There it hi as practicable as necessary to protect the occupant against those petty trespasses, here it is wholly impracticable, and, I think, unnecessary. The attempt to give this protection to uninclosed land, would overwhelm us in a sea of petty litigation, destructive of the interests and peace of the community. Upon this principle, it was determined in the ease of M’Connico v. Singleton, (2 M. Con. Rep. 244,) that hunting on uninclosed lands, was not such a trespass as would sustain an action; and upon the same principle, I was inclined to think that the motion for a nonsuit ought to have been sustained, but my brethren have thought it better that the case should be sent back for a new trial.
On the merits of the case, I am equally satisfied that injustice has been done the defendant. The field in which the trespass was committed, if not wholly abandoned, was so exposed, and the dilapidated state of the fencing was such as to justify the belief that it was. And if he had a right to enter it, the defendant’s fordidding him could not take it away; but all the injury complained of was the mere riding on the soil, and from the evidence, it appears he was ignorant that it belonged to the plaintiff. If it be an injury, the damages given must strike every one at once as *577 enormous and excessive. It is said, however, that the personal insult offered to the plaintiff is a ^justification for this verdict. L'á If one man wantonly entered on the lands of another for the purpose of insulting him, I would make it the means of punishing him, although he had not left his track on the soil. But in this case any insult which the plaintiff received was the consequence of his own indiscretion, and he ought not now to profit by it. The motion for a new trial is, therefore, granted.
Nott and Hxjgbk, JJ., concurred.
Colcock and Gantt, JJ., dissented.
11 Rich. 262 ; 6 Rich. 325 ; 1 Strob. 175 ; Harp. 201.